**Nicolasa PEREZ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney
General, Respondent.**

No. 05–71265.

United States Court of Appeals,
Ninth Circuit.

Submitted June 12, 2006.*

Filed June 21, 2006.

Nicolasa Perez, Paramount, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Nancy E. Friedman, Esq., Paul Fiorino, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: WALLACE, KLEINFELD, and BERZON, Circuit Judges.

MEMORANDUM **

Nicolasa Perez, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals order affirming an immigration judge's ("IJ") decision denying her application for cancellation of removal. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review due process claims in immigration proceedings de novo, *Martinez–Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir.2005), and we dismiss in part and deny in part the petition for review.

We lack jurisdiction to review Perez's contention that the IJ misapplied relevant BIA precedent to the facts of her case because this contention does not amount to a colorable constitutional claim that overcomes the jurisdictional bar to our review of the agency's discretionary hardship determination. *See Martinez–Rosas* at 930 ("[t]raditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction."); *see also Sanchez–Cruz v. INS*, 255 F.3d 775, 779 (9th Cir.2001) (holding that the "misapplication of case law" may not be reviewed).

Perez's contention that the IJ denied her right to a full and fair hearing is unpersuasive. Although the IJ guided Perez's testimony to address certain factors, Perez's counsel was able to elicit relevant evidence supporting her hardship claim, and it cannot be said that the proceedings were "so fundamentally unfair that [she] was prevented from reasonably presenting [her] case." *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000) (citation omitted). Moreover, Perez failed to demonstrate that additional testimony would have affected the outcome of the proceedings. *See id.* (requiring prejudice to prevail on a due process challenge).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.